UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:15-mc-00041-HES-JBT

**NEWS AMERICA MARKETING FSI LLC**,

       Plaintiff,

v.

**FOUR CORNERS DIRECT, INC.**,

       Defendant,

And

**BRANCH BANKING AND TRUST COMPANY**,

       Garnishee.

_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM GARNISHEE BRANCH BANKING AND TRUST COMPANY AND MEMORANDUM OF LAW**

Plaintiff NEWS AMERICA MARKETING FSI LLC ("*Plaintiff*"), to Federal Rule of Civil Procedure 37 and Local Rule 3.04, files this Motion to Compel Discovery Responses from Garnishee Branch Banking and Trust Company ("*Garnishee*") and incorporated Memorandum Of Law (the "*Motion to Compel*") directed towards Garnishee's Responses and Objections to Plaintiff's First Request for Production ("*Request to Produce*").

**I. PRELIMINARY STATEMENT**

On April 22, 2016, Garnishee submitted its Responses and Objections to Plaintiff's First Request for Production (the "*Response*"). The Response includes repetitive objections to each Request to Produce based on Fla. Stat. § 655.059 and an objection by Defendant Four Corners Direct, Inc. ("*Defendant*") sent to Garnishee, attached hereto as **Exhibit A**. Plaintiff's Request to Produce to Garnishee is in aid of execution on a judgment against Defendant. Given

Garnishee's reliance on Fla. Stat. § 655.059 and Defendant's objection to turning over discoverable financial information to Plaintiff, a perfunctory task, this Court should grant the Motion to Compel and order production of all relevant documents from Garnishee to Plaintiff.

## II. ARGUMENT

### A. Applicable Standard

Local Rule 3.04 provides that a motion to compel shall include: (A) quotation in full of each request for production to which the motion is addressed; (B) each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, (C) immediately followed by a statement of the reason the motion should be granted. Pursuant to Fla. Stat § 655.059(e), confidential materials may be ordered produced by a court of competent jurisdiction. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. Mar. 1, 2012) (interrogatory objections overruled to produce information of a non-party).

### B. Requests for Production

Pursuant to Local Rule 3.04, the following listing provides the analysis for a motion to compel regarding requests for production. Plaintiff has a judgment against Defendant. Defendant has not moved to vacate or otherwise challenge the judgment. Defendant has the perfunctory task of providing Plaintiff its financial information. Based on Garnishee's Amended Answer [DE 9] that it is indebted to Defendant, it is clear that Garnishee holds financial information relating specifically to Defendant, the judgment debtor. As will be shown below, this Court should overrule Defendant's objection to Garnishee producing documents relevant to the respective Requests to Produce.

2

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

CASE NO.: 3:15-MC-41-J-20JBT

### Request 1:

All Account Statements from January 1, 2015 to the present, for Account No. xxxxxx0830, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**: BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:** Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 1. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 1.

3

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

**CASE NO.: 3:15-MC-41-J-20JBT**

**Request 2:**

All Account Statements from January 1, 2015 to the present, for Account No. xxxxxx4873, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**: BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:** Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 2. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 2.

4

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

**CASE NO.: 3:15-MC-41-J-20JBT**

**Request 2:**

All Account Statements from January 1, 2015 to the present, for Account No. xxxxxx4873, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**: BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:** Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 2. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 2.

4

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

### Request 3:

All checks images from January 1, 2015 to the present, in connection with Account No. xxxxxx0830, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**: BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:** Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 3. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 3.

5

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

**Request 4:**

All checks images from January 1, 2015 to the present, in connection with Account No. xxxxxx4873, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**:  BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:**  Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 4. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012).  Plaintiff is a judgment creditor.  Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution.  Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 4.

**Request 5:**

All Documents concerning the opening of Account No. xxxxxx0830, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

6

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

**Response and Objection**:  BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:**  Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 5.  *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012).  Plaintiff is a judgment creditor.  Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution.  Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 5.

### Request 6:

All documents concerning the opening of Account No. xxxxxx4873, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.

**Response and Objection**:  BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be

7

ASSOULINE & BERLOWE, P.A.
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett,* 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:**   Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 6. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 6.

### Request 7:

**All Documents from January 1, 2015, to the present, concerning wire transfers, debits, or credits to or from Account No. xxxxxx0830, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.**

<u>Response and Objection</u>:   BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett,* 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the

8

**ASSOULINE & BERLOWE, P.A.**
213 East Sheridan Street, Suite 3, Dania Beach, Florida 33004 • Telephone: (954) 929-1899 • Facsimile: (954) 922-6662

production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:**   Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 1. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012).  Plaintiff is a judgment creditor.  Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution.  Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 7.

### Request 8:

**All Documents from January 1, 2015 to the present, concerning wire transfers, debits, or credits to or from Account No. xxxxxx4873, held by Four Corners Direct, Inc., as identified in Garnishee's Answer to Writ of Garnishment.**

<u>**Response and Objection**</u>:  BB&T objects to this Request to the extent that it calls for the disclosure of accountholder records or information without the accountholder's consent. Such information is confidential information pursuant to Fla. Stat. § 655.059, which is Florida's banking privacy statute. Such records are expressly privileged under § 655.059, and may only be released with the authorization of the accountholder. *See Bane of Am. Inv. Servs., Inc. v. Barnett*, 997 So. 2d 1154 (Fla. 3d DCA 2008). Defendant has notified BB&T that it objects to the production of records. *See* Exhibit "A." Accordingly, BB&T cannot provide the requested documentation absent Court order.

**Motion to Compel:** Pursuant to Fla. Stat. § 655.059(e), this Court has the power to order Garnishee to produce confidential materials requested in Request to Produce No. 8. *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. 2012). Plaintiff is a judgment creditor. Based on Garnishee's Amended Answer [DE 9] that Garnishee is indebted to Defendant, Garnishee holds financial information of Defendant that is discoverable in aid of execution. Accordingly, this Court should overrule Garnishee's objection based on Fla. Stat. § 655.059(e), and order Garnishee to provide the documents responsive to Plaintiff's Request to Produce No. 8.

**WHEREFORE** Plaintiff NEWS AMERICA MARKETING FSI LLC moves to compel and seeks to have this Court overrule all of Garnishee's objections, order that all documents responsive to the Requests to Produce be produced, and such other and further relief as this Court finds just, fair, and equitable.

### III. CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with M.D. Fla. L.R. 3.01(g), I hereby certify that counsel for Plaintiff conferred in good faith with counsel for Garnishee, via phone and e-mail on several occasions with respect to the issues herein. During these conferences, Garnishee's counsel indicated that based on Defendant's objection and possible engagement of counsel, Garnishee had no choice but to object to Plaintiff's Request to Produce. Garnishee is willing to provide the requested documentation under Court order.

Dated: May 2, 2016         Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3
Dania Beach, Florida 33004
Telephone: (954) 929-1899
Facsimile: (954) 922-6662

By:   */s/*Eric N. Assouline
        Eric N. Assouline (FBN 106143)
        ena@assoulineberlowe.com
        Secondary: ah@assoulineberlowe.com

*Attorneys for Plaintiff*
*News America Marketing FSI LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day May 3, 2016 on all counsel or parties of record on the service list indicated below:

By:   s/ *Eric N. Assouline*
        Eric N. Assouline

## SERVICE LIST
*News America Marketing FSI LLC v. Four Corners Direct, Inc.*
**CASE NO.: 3:15-MC-41-J-20JBT**
**United States District Court, Middle District of Florida**

**Via U.S. Mail**

Four Corners Direct, Inc.
Registered Agent: Martin A Lothman
7417 Sanderling Road
Sarasota, FL 34242

**Via CM/ECF**

David S. Hendrix, Esquire
Florida Bar No. 827053
Alissa M. Ellison, Esquire
Florida Bar No. 15992
GRAYROBINSON, P.A.
401 E. Jackson Street (33602)
Suite 2700
P.O. Box 3324
Tampa, Florida 33601-3324
(813) 273-5000 phone
(813) 273-5145 fax